# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ROUSAY, | ) | 1:07cv0243 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BUSH, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Rousay ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant civil rights action on February 15, 2007.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

B.  Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Plaintiff's Allegations

As best the Court can tell, Plaintiff alleges that Defendants George W. Bush and Dick Cheney committed perjury in connection with the United States' involvement in Iraq.  He also alleges that Bush and Cheney received payments from Halliburton, an oil-services company, in connection with the Iraq war.  Plaintiff further alleges that Defendant George Tenet, former Director of the Central Intelligence Agency, kidnaped and tortured up to 10,000 people from North America, Europe and other locations.  As an example, Plaintiff alleges that a Canadian citizen was kidnaped at JFK Airport in New York and beaten and tortured until he made a false confession.

Plaintiff next explains that his home and business were unlawfully confiscated in Salt Lake City, and he fled to Canada for several months because of death threats.  For several months after September 11, 2001, Plaintiff feared returning to the United States because he worried that his business in explosives and his ancestry would make him a target for deportation to his birth country.  He alleges that he returned to the United States when the news broke about the Canadian kidnaped at JFK Airport.  He contends that his green card was illegally taken by United States officials and now asks that the Court (1) return his green card or allow him to become a naturalized citizen; (2) award him compensatory damages in excess of $100,000 dollars; and (3)

order the payments from Halliburton be returned and divided equally amongst the members of the United States military who have died, or have been injured, in Iraq.

D.   Discussion

Plaintiff's claims fail to state a claim for which relief can be granted.  He complains of various actions, some of which are unrelated, yet he fails to explain how each of the Defendants were involved in violating any of his rights.  In fact, many of the allegations, such as his complaints relating to the United States' involvement in Iraq, do not even involve Plaintiff.  A plaintiff who fails to allege an injury in fact fails to demonstrate a personal stake in the outcome of a controversy sufficient to satisfy the standing requirements of Article III.  Mottola v. Nixon, 464 F.2d 178, 181 (9th Cir. 1972).  The federal courts are not forums in which citizens can "air [their] generalized grievances about the conduct of government or the allocation of power in the Federal System."  Flast v. Cohen, 392 U.S. 83, 106 (1968).  Moreover, even assuming Plaintiff could demonstrate some personal involvement, courts generally refuse to exercise jurisdiction to consider the constitutionality or legality of a President's wartime decisions based on the separation of powers principles.  See eg. Ange v. Bush, 752 F.Supp. 509, 514 (D.C.Cir. 1990).

To the extent he complains of wrongful actions taken against him, such as the allegedly illegal seizure of his green card, Plaintiff fails to explain how Defendants Bush, Cheney or Tenet were involved.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 773 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity vert acts in which Defendants engaged that support Plaintiff's claims.  Id.

Plaintiff is further informed that the three named Defendants may be entitled to immunity.  President Bush is entitled to absolute immunity from damages liability predicated on his official acts.  Nixon v. Fitzgerald, 457 U.S. 731, 755-756 (1982).  Senior Presidential aids and advisors are generally entitled to qualified immunity.  Harlow v Fitzgerald, 457 US 800 (1982).  They are, however, entitled to absolute immunity in situations where they can show (1) that the responsibilities of his or her office embraced a function so sensitive as to require a total

1   shield from liability; and (2) that he or she was discharging the protected function when
2   performing the act for which liability is asserted.  Id.
3       Finally, insofar as Plaintiff requests that the Court return his green card or allow him to
4   become a naturalized citizen, such actions are executive, not judicial, functions.
5       Given Plaintiff's status as a pro se litigant and the fact that the Court is unable to
6   conclude that Plaintiff cannot cure these deficiencies, Plaintiff will be granted leave to amend.
7       Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his
8   amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
9   complete in itself without reference to any prior pleading.  This is because, as a general rule, an
10  amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
11  Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any
12  function in the case.
13      Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
14  WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within thirty (30) days of
15  the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended
16  Complaint," and shall refer to the case number assigned to this action.  **If Plaintiff does not file**
17  **an amended complaint within this time frame, the Court will recommend that this action**
18  **be dismissed.**
19
20      IT IS SO ORDERED.
21      Dated:   **March 27, 2007**          /s/ **Dennis L. Beck**
    3b142a                  UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28

4